UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                                    Civil No. 5:18-cv-539-JSM-PRL

**PHILIP MOTT HARRIS II and
24/7 TAX SERVICES, LLC,**

      Defendants.

## REPORT AND RECOMMENDATION[1]

The United States brought this action to permanently enjoin Defendants Philip Mott Harris II and 24/7 Tax Services, LLC, from acting as tax return preparers alleging that they and their employees have spent years filing false tax returns and reaping large ill-gotten gains. On November 14, 2019, the United States filed the instant Motion for Entry of a Preliminary Injunction (Doc. 33).

Consistent with Local Rule 4.06(b), the Court set an in-person hearing for December 6, 2019 and directed Defendants to file and deliver to counsel for the United States all counter or opposing affidavits and a responsive brief not later than November 29, 2019. (Doc. 38). The Court advised that the hearing would be limited to argument of counsel unless the parties filed a notice advising that an evidentiary hearing was needed. Because Defendants completely ignored the Court's Order, the Court issued a second Order directing Defendants to show cause by December 4, 2019 why the motion for preliminary injunction should not be granted as unopposed. (Doc. 43).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Defendants filed a cursory one-page response stating that the entry of the preliminary injunction at this stage in the case would be premature and would cause harm. (Doc. 44). Defendants failed to file any counter or opposing affidavits or a responsive brief in direct contravention of this Court's Order and Local Rule 4.06(b). Because their response was wholly insufficient, the Court found that Defendants had failed to raise any legitimate challenge to the United States' motion. Accordingly, and because the hearing was limited to argument of counsel (as neither party had requested an evidentiary hearing), the Court cancelled the December 6, 2019 hearing. Defendants have filed nothing further with the Court.

For the following reasons and in the absence of any opposition, I submit that the United States' motion should be **GRANTED.**

## I. Background

Harris's involvement in tax preparation began in 2011 at LBS Tax Services. Doc. 33-4, Harris Sept. 23, 2015 Deposition ("Harris I Depo") at 14:11-15:25, 16:6-12. Harris had no prior experience preparing tax returns and received his training on tax preparation and running a tax business from LBS and Tonya Chambers. *Id.;* Doc. 33-6, Harris Oct. 16, 2019 Deposition ("Harris III Depo") at 6:11-7:4, 9:2-11:7. However, within only a few months he was managing the store. Harris opened and managed his own LBS store in 2012 and continued to work there until he started 24/7 Tax Services, LLC at the end of 2014. Harris I. Depo at 16:18-18:18, 30:19-25, 32:2-33:7, 34:1-3; Harris III Depo at 38:4-9. In 2014, the United States brought an action against LBS and Ms. Chambers and they were ultimately enjoined from the same type of conduct alleged in this case. *See U.S. v. Demesmin, et al.*, 6:14-cv-1537 (M.D. Fla.).

Harris trained his employees, all of whom had no prior tax preparation experience. Harris III Depo at 38:22-39:11, 39:16-40:21, 41:12-44:6, 53:3-20, 55:10-59:2. His preparers received minimal training on tax law and on deposition could not recall or explain basic concepts of tax

return preparation. Doc. 33-30, Montes Deposition at 6:17-7:9, 22:8-23:17, 25:5-13, 26:10-27:10, 42:11-20, 61:7-63:20; Doc. 33-10, Bello Deposition at 8:5-10, 10:8-11:5, 11:14-23, 15:3-16:18, 17:5-18:7, 18:24-19:25, 23:2-17, 35:12-36:25, 39:4-41:6; Doc. 33-29, Mitchell Deposition at 4:20-6:18, 59:19-60:4, 60:14-61:17. Harris "went from store to store every day," and had office managers present at stores when he was not there. Harris I Depo at 82:20-83:16; Harris III Depo at 62:9-16. Harris reviewed the returns prepared at 24/7 Tax Services and preparers called him with questions while working on returns. Doc. 33-25, Howard Deposition at 10:1-19; Doc. 33-7, Allen Deposition at 9:12-10:3, 23:11-24:19. Only Harris had IRS-issued Electronic Filing Identification Numbers ("EFIN") to electronically file tax returns with the IRS from all 24/7 Tax Services stores, although he allowed store managers to file returns. Harris III Depo at 69:17-25, 70:5-13.

The United States contends that from 2015 to 2019 Defendants have repeatedly and continuously engaged in a pattern of false claims on customers' tax returns to generate a higher (but bogus) refund, including making up false businesses, claiming fake business losses, failing to report self-employment tax, and claiming phony education credits. To support these allegations, the United States has submitted depositions of Harris (Docs. 33-4, 33-5, 33-6) and three of Defendants' tax return preparers (Doc. 33-10, 33-29, 33-30), as well as thirty-six depositions of customers stating that Defendants engaged in fraudulent practices with respect to the preparation and filing of their tax returns (Docs. 33-7, 33-8, 33-9, 33-11, 33-12, 33-13, 33-14, 33-15, 33-16, 33-17, 33-18, 33-19, 33-20, 33-21, 33-22, 33-23, 33-24, 33-25, 33-26, 33-27, 33-28, 33-29, 33-31, 33-32, 33-33, 33-34, 33-35, 33-36, 33-37, 33-38, 33-39, 33-40, 33-41, 33-42, 33-43, 33-44), and their corresponding tax returns and customer tax files (Docs. 34, 35, 36).

In the instant motion, the United States argues that an injunction is needed before the start of tax filing in January 2020 in order to prevent Defendants from fraudulently preparing

customers' tax returns to maximize the tax refund. Defendants have failed to offer any meaningful objection or evidence in rebuttal.

## II.     Legal Standards

A district court may grant injunctive relief only if the moving party shows that (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) if issued, the injunction would not be adverse to the public interest. *United States v. Stinson*, 661 Fed.Appx. 945, 950 (11th Cir. 2016).

Here, the Government's claim for injunctive relief is based on 26 U.S.C. §§ 7402, 7407, and 7408 of the Internal Revenue Code. Section 7402(a) grants a district court broad authority to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws," authority that is "in addition to and not exclusive of any and all other remedies" available to enforce the internal revenue laws. The Eleventh Circuit has emphasized that § 7402 encompasses a "broad range of powers necessary to compel compliance with the tax laws," and it includes the power "to enjoin interference with tax enforcement even when such interference does not violate any particular tax statute." *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984).

Under § 7407, a district court is authorized to enjoin a tax return preparer from specified conduct, including understating a taxpayer's liability due to an unreasonable position, recklessly or intentionally disregarding IRS rules, failing to identify himself as the paid preparer of the return, and claiming the Earned Income Tax Credit without complying with the statutory due diligence requirements. Once the United States shows any of the proscribed conduct, it need only demonstrate "that injunctive relief is appropriate to prevent recurrence of such conduct." 26 U.S.C. § 7407(b)(2). If the district court finds that the tax preparer has continuously engaged in offensive

conduct, and that an injunction specifically prohibiting such conduct would not be effective at preventing further abuses, "the court may enjoin such person from acting as a tax return preparer" altogether. 26 U.S.C. § 7407(b)(2); *see United States v. Cruz*, 611 F.3d 880, 881 (11th Cir. 2010).

Likewise, under § 7408, a district court is authorized "to enjoin any person from further engaging in specified conduct," including aiding or procuring the preparation of tax returns that are known to understate the tax liability of the filer, if the court finds that the person "has engaged in" such conduct and if "injunctive relief is appropriate to prevent recurrence of such conduct."

### III. Discussion

The United States has presented substantial evidence supporting its request for injunctive relief under all three provisions of the tax code, including the deposition testimony of thirty-six customers, as well as tax returns prepared and filed for those customers at Defendants' stores. This evidence shows a widespread pattern of highly inaccurate returns being filed by preparers at Defendants' offices over a period of several years, including:

- claiming, on Forms Schedule C (used to report income and expenses related to self-employment), false business expenses for thousands of dollars (to reduce or eliminate the customers' taxable income, often in connection with claiming the Earned Income Tax Credit), purportedly related to non-existent businesses;

- reporting on Forms Schedule C expenses (generally in large, fabricated amounts) related to customers' hobbies (such as "Little League Sponsorships" or "hunting trips");

- falsely reporting self-employment income as "Wages, salaries, tips, etc." on line 7 of the Form 1040 tax return, described on the return as "HSH" or "Household Help" income, in order to improperly circumvent reporting self-employment taxes (Medicare and social security taxes) which is taxed at a rate of 15.3%;

- claiming bogus education credits by reporting false education-related expenses not based on the actual amount of expenses incurred by the customer, but instead on amounts that the Defendants predetermined (specifically $3,999 or $1,999);
- claiming false deductions on Forms Schedule A, including for fabricated job-related expenses;
- falsely reporting that they have conducted the required "due diligence" when claiming the Earned income Tax Credit;
- failing to identify the actual paid preparer of tax returns; and
- charged excessive and often undisclosed tax preparation fees.

Defendants have failed to provide any evidence to rebut the evidence submitted by the United States – evidence which is sufficient to establish that the United States is substantially likely to prevail on the merits at trial. Indeed, the evidence justifies the Court's exercise of the broad powers set forth in § 7402(a) to use injunctive relief to ensure the proper "enforcement of the internal revenue laws." The evidence also shows that Defendants' preparation of tax returns with false claims and deductions warrants injunctive relief under § 7407, because it constitutes a substantial understatement of tax liability, and a reckless or intentional disregard of IRS rules or regulations; and under § 7408, because it constitutes aid in the preparation of federal tax returns knowing (or having reason to believe) that the returns understated the tax liability of the filers.

The equitable factors also weigh in favor of a preliminary injunction. Based on Defendants' previous actions – some of which occurred after this case was filed – it seems highly likely that future violations will occur. The entry of a preliminary injunction would protect individual taxpayers from having inaccurate, frivolous or fraudulent returns filed in their name that would subject them to increased tax liability. It would also protect them from excessive tax preparation fees charged by Defendants. Moreover, every bogus refund claimed by Defendants depletes the

Treasury and the United States would be required to expend additional resources to recover such tax losses.

Accordingly, the Court finds that injunctive relief is appropriate, and that a more limited injunction will not suffice to prevent the substantial harm that Defendants would likely continue to cause if not preliminarily enjoined. As discussed above, over the course of several years, Harris and his return preparers have continually filed returns misrepresenting their customers' income, deductions, and income tax liability in a wide variety of ways, and have continued to do so even after the United States filed its complaint in this action. The United States has no other adequate remedy available with which to prevent the extreme harm caused by Defendants to their customers and the United States.

### IV.   Recommendation

Based on the record, and for good cause shown, it is respectfully **RECOMMENDED** that the United States' motion for preliminary injunction (Doc. 33) be **GRANTED** and a preliminary injunction be entered as follows:

**IT IS HEREBY ORDERED** that Philip Mott Harris II and 24/7 Tax Services, LLC, and anyone acting in concert or participation with them, are preliminarily enjoined pursuant to Internal Revenue Code (I.R.C.) (26 U.S.C.) §§ 7402, 7407, and 7408, from acting as federal tax return preparers and assisting in, advising, or directing the preparation or filing of federal tax returns, amended returns, or any other federal tax documents or forms for any person or entity other than themselves; investing in, providing capital or loans to, or receiving fees or remuneration from a tax return preparation business; and owning, operating, managing, working in, controlling, licensing, consulting with, or franchising a tax return preparation business.

**IT IS FURTHER ORDERED** that Philip Mott Harris II and 24/7 Tax Services, LLC, pursuant to 26 U.S.C. § 7402, shall immediately close all tax return preparation stores that they

currently own directly or through any entity. Philip Mott Harris II and 24/7 Tax Services, LLC shall not thereafter re-open those tax return preparation stores or any new store(s) absent order of this Court.

**IT IS FURTHER ORDERED** that Philip Mott Harris II and 24/7 Tax Services, LLC, pursuant to 26 U.S.C. § 7402, are prohibited from assigning, transferring, or selling: (1) a personal or business Preparer Tax Identification Number(s) (PTIN); (2) a personal or business Electronic Filing Identification Number(s) (EFIN); (3) any other federally issued identification number(s) to prepare or file federal income tax returns; (4) a list of customers or any other customer information; or (5) any proprietary information pertaining to their tax preparation businesses.

**IT IS FURTHER ORDERED** that Philip Mott Harris II and 24/7 Tax Services, LLC, pursuant to 26 U.S.C. § 7402 are prohibited from assigning, transferring, or selling any franchise agreement, independent contractor agreement, or employment contract related to their tax preparation businesses.

**IT IS FURTHER ORDERED** that Philip Mott Harris II and 24/7 Tax Services, LLC, pursuant to 26 U.S.C. § 7402, shall, within 5 days, provide a copy of this Order to all of their principals, officers, managers, franchisees, employees, and independent contractors.

**IT IS FURTHER ORDERED** that Philip Mott Harris II and 24/7 Tax Services, LLC, pursuant to 26 U.S.C. § 7402, shall, within 5 days, post a full-sized (8 ½" by 11"), paper copy of this Order of Preliminary Injunction upon the entrance place, front door, or front window of any tax preparation store that they own, are currently renting, or have rented for the 2020 tax filing season so that it is prominent and visible to the public, and shall maintain a copy of this Order of Preliminary Injunction upon the entrance until such time as the Court modifies, vacates, or supersedes this Order.

**AND IT IS FURTHER ORDERED** that the Order of Preliminary Injunction against Philip Mott Harris II and 24/7 Tax Services, LLC remain in full force and effect until the final resolution of this case on the merits or such time as the Court modifies, vacates, or supersedes the Order.

Recommended in Ocala, Florida on December 12, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

c. Presiding District Judge
Counsel of Record
Unrepresented Parties